USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

RAMON PEREZ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S6 22 Cr. 622 (AT)

WHEREAS, on or about July 25, 2024, the Court entered a Consent Interlocutory Sale Order in this matter authorizing the interlocutory sale for the real property located at 2607 Raccoon Run Lane, Orlando, Florida 32837, containing the legal description Lot 162, Hunter's Creek – Tract 430 – B, Phase III, according to the map or plat thereof, as recorded in Plat Book 30, Page 136, of the Public Records of Orange County, Florida containing Parcel Id#: 28-24-29-3822-01620, (the "Subject Property") before the conclusion of this matter in order to preserve the value of the Subject Property pending a Final Order of Forfeiture;

WHEREAS, on or about July 30, 2024, the Subject Property was sold and the sale proceeds of $157,000.00 were deposited in the Treasury Suspense Account (the "Specific Property");

WHEREAS, on or about October 21, 2024, RAMON PEREZ (the "Defendant"), was charged in an eight-count Information, S6 22 Cr. 622 (AT) (the "Information"), with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Counts One, Six, Seven and Eighth); wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h) (Count Three); conspiracy to commit bank fraud, in violation of Title 18,

United States Code, Section 1349 (Count Four); and destruction of records in connection with a federal investigation, in violation of Title 18, United States Code, Section 1519 (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Counts One, Two, Five, and Six through Eight of the Information, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Five, and Six through Eighth of the Information including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, Five and Six through Eight of the Information;

WHEREAS, the Information contained a forfeiture allegation as to Count Three, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property traceable to the commission of the offense charged in Count Three of the Information;

WHEREAS, the Information contained a forfeiture allegation as to Count Four, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about October 21, 2024, the Defendant pled guilty to Counts One through Eight of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Eight of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)-(2) and Title 28, United States Code, Section 2461(c), a sum of money of at least $1,680,000.00 in United States currency traceable to the commission of the offenses charged in Counts One through Eighth of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,837,000.00 in United States currency, reflecting the value of the Specific Property and the $1,680,000.00 traceable to the commission of the offenses charged in Counts One through Eighth of the Information, all of which represents proceeds traceable to the offenses charged in Counts One through Eight of the Information that the Defendant personally obtained;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property to the Government as constituting proceeds of the offenses charged in Counts One through Eighth of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One though Eight of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to notify any and all persons who reasonably appear to be a potential claimant to the Specific Property of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Benjamin A. Gianforti, of counsel, and the Defendant and his counsel, Richard Corporan, Esq., that:

1.      As a result of the offenses charged in Counts One through Eighth of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,837,000.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Eighth of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One through Eight of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant RAMON PEREZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture is hereby authorized to maintain possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(l ), Rule 32.2 (b )(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Propeerty, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant withstanding to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(11), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____          10/7/2025
       BENJAMIN A. GIANFORTI                        DATE
       MICHAEL D. MAIMIN
       Assistant United States Attorneys
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2490 / -2340



RAMON PEREZ

By: _____          10/10/2025
       RAMON PEREZ                                    DATE


       _____          10/10/25
By: _____          DATE
       KEN WOMBLE, ESQ.
       Attorney for Defendant
       Zeman & Womble
       66 Willoughby Street
       Brooklyn, NY 11201


SO ORDERED:

_____          10/10/2025
HONORABLE ANALISA TORRES                      DATE
UNITED STATES DISTRICT JUDGE